JUNE, 1822.

## Nathaniel Powers *against* Daniel Wright.

A paper not sealed, &c. as a bill of Exceptions, is not to be so considered, though the Judge certifies that the facts therein set forth are true.

JUDGE *Saffold* delivered the opinion of the Court.

In this case the assignments of Error are solely on a paper which the plaintiff in Error relies on as a bill of Exceptions, and which the defendant contends cannot be viewed as such.

This paper, as copied into the transcript, does not appear to have been tendered, or signed and sealed as a bill of Exceptions. It is followed by a statement subscribed with the name of the Judge who presided on the trial, that " the facts " as set forth in the foregoing bill of Exceptions are true, " the Court now declines signing, because it was not ten- " dered in time nor asked for on the trial, but some 10 or " 15 days thereafter."

The plaintiff contends, that as the Judge by this certificate subscribed by him, and on the paper on which the Exceptions are set out, has admitted the matters as therein stated, to be true, that it is as much a part of the Record as if it had been tendered and sealed, &c. in the usual way.

To make the Exceptions part of the Record, they must be claimed and allowed while the thing is transacting, though they may be reduced to form afterwards. Exceptions arising on a question as to evidence, must be taken before the evidence is closed, so that the adverse party may introduce other evidence instead of relying on the contested point. There appears to be no material variance between the Statutes of *Great Britain, New-York, Pennsylvania,* and of this State as to the time at which Exceptions must be taken. It has been frequently decided in the United States, that an exception to the charge of the Court is in time if tendered after the Jury have returned into the Court with their verdict, *but before it is* delivered ; but we do not find that it has ever been allowed as matter of right (if at all) after the verdict has been received. If the application be not made during the trial, the right is waived. (4 Dallas, 249. 6 John. R. 279. 10 John. R. Jansing against Barker.)

If it were admitted, that the Court may in its discretion allow a bill of Exceptions tendered after a verdict has been received (for which no precedent has been found), it would not sustain the position of the plaintiff ; for here the Judge expressly refused his assent to the paper, on which the Exceptions were stated, becoming a part of the Record, and has withheld his seal. We are of opinion that when the

application was made, the Judge could not have allowed the Exceptions; and that even if he had been vested by law with a discretion to allow or refuse, it appears from his statement, that he did not assent to this paper being made a part of the Record.

JUNE, 1822.

Nathaniel Powers
v.
Daniel Wright.

Judgment affirmed.

Judges *Clay* and *Ellis* not sitting.

*Kelly* and *Hutchisson*, for plaintiff.

*M'Kinley*, for defendant in Error.